## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **NEARBY SYSTEMS LLC,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**PENNEY OPCO LLC d/b/a JC PENNEY,**<br>**f/k/a JC PENNEY CORPORATION, INC.,**<br><br>    **Defendant.** | **CASE NO. 2:23-CV-00384-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES,
### AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Penney OpCo LLC ("Defendant" or "JCPenney") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Nearby Systems LLC's ("Plaintiff" or "Nearby Systems") Complaint filed on August 28, 2023 (Dkt. No. 1) ("Complaint"). JCPenney denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### NATURE OF THE ACTION

1.      JCPenney admits that the Complaint purports to set forth an action for patent infringement, that purported copies of U.S. Patent Nos. 9,532,164 (the "'164 Patent") and 10,469,980 (the "'980 Patent") (collectively the "Asserted Patents") are attached to the Complaint as Exhibit A and Exhibit B respectively, and that the face of the Asserted Patents indicate that they are titled "Mashing Mapping Content Displayed on Mobile Devices." JCPenney denies all other allegations in Paragraph 1 of the Complaint.

1

2.      JCPenney denies it has committed or is committing acts of infringement such that Plaintiff is entitled to any relief from JCPenney.

## PARTIES

3.      JCPenney is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.      JCPenney admits that it is a limited liability company organized and existing under the laws of the Commonwealth of Virginia.

5.      JCPenney admits that it has an office at 6501 Legacy Drive, Plano, Texas 75024. JCPenney denies all other allegations in Paragraph 5 of the Complaint.

6.      JCPenney admits that it can be served through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7.      JCPenney admits that it maintains and operates businesses in Texas and in this District. JCPenney denies it has committed or is committing acts of infringement within Texas and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      JCPenney incorporates paragraphs 1 through 7 herein by reference.

9.      JCPenney admits the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271, 281, and 284-285 and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but JCPenney denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. JCPenney denies any remaining allegations in Paragraph 9 of the Complaint.

10.     JCPenney does not contest whether personal jurisdiction over it properly lies in this District in this action, or that it conducts business in Texas and in this District. JCPenney denies it has committed or is committing acts of infringement within the U.S., the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 10 of the Complaint.

11.     JCPenney admits that it conducts business in Texas and in this District. JCPenney denies it has committed or is committing acts of infringement within the U.S., the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 11 of the Complaint.

12.     JCPenney admits that it maintains a place of business in this District. JCPenney denies the remaining allegations of Paragraph 12 of the Complaint.

13.     JCPenney denies the allegations in Paragraph 13 of the Complaint.

14.     JCPenney does not contest that venue may be proper in this District in this action. JCPenney denies it has committed or is committing acts of infringement within the U.S., the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 14 of the Complaint.

**THE ACCUSED PRODUCTS**

15.     JCPenney incorporates paragraphs 1 through 14 herein by reference.

16.     JCPenney admits that it owns, operates, and controls the website at https://www.jcpenney.com/. The website speaks for itself, but JCPenney denies any characterizations inconsistent therewith. JCPenney denies it has committed or is committing acts of infringement within the U.S., the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 16 of the Complaint.

17.     JCPenney admits that it provides a mobile application. JCPenney denies it has committed or is committing acts of infringement within the U.S., the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 17 of the Complaint.

18.     JCPenney admits that it provides a mobile application. JCPenney denies it has committed or is committing acts of infringement within the U.S., the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 18 of the Complaint.

### COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,532,164

19.     JCPenney incorporates paragraphs 1 through 18 herein by reference.

20.     JCPenney admits that a purported copy of the '164 Patent is attached to the Complaint as Exhibit A. The '164 Patent and prosecution history speaks for itself, and JCPenney denies any characterizations inconsistent therewith. JCPenney denies any remaining allegations in Paragraph 20 of the Complaint.

21.     JCPenney denies the allegations in Paragraph 21 of the Complaint.

22.     JCPenney denies the allegations in Paragraph 22 of the Complaint.

23.     JCPenney is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24.     JCPenney is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25.     JCPenney denies the allegations in Paragraph 25 of the Complaint.

26.     JCPenney denies the allegations in Paragraph 26 of the Complaint.

27.     JCPenney denies the allegations in Paragraph 27 of the Complaint.

28.     JCPenney denies the allegations in Paragraph 28 of the Complaint.

29.     JCPenney denies the allegations in Paragraph 29 of the Complaint.

30.     JCPenney denies the allegations in Paragraph 30 of the Complaint.

31.     JCPenney denies the allegations in Paragraph 31 of the Complaint.

32.     JCPenney denies the allegations in Paragraph 32 of the Complaint.

33.     JCPenney denies the allegations in Paragraph 33 of the Complaint.

34.     JCPenney denies the allegations in Paragraph 34 of the Complaint.

**COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,469,980**

35.     JCPenney incorporates paragraphs 1 through 34 herein by reference.

36.     JCPenney admits that a purported copy of the '980 Patent is attached to the Complaint as Exhibit B. The '980 Patent and prosecution history speaks for itself, and JCPenney denies any characterizations inconsistent therewith. JCPenney denies any remaining allegations in Paragraph 36 of the Complaint.

37.     JCPenney denies the allegations in Paragraph 37 of the Complaint.

38.     JCPenney denies the allegations in Paragraph 38 of the Complaint.

39.     JCPenney is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies them.

40.     JCPenney is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies them.

41.     JCPenney denies the allegations in Paragraph 41 of the Complaint.

42.     JCPenney denies the allegations in Paragraph 42 of the Complaint.

43.     JCPenney denies the allegations in Paragraph 43 of the Complaint.

44.     JCPenney denies the allegations in Paragraph 44 of the Complaint.

45.     JCPenney denies the allegations in Paragraph 45 of the Complaint.

46.     JCPenney denies the allegations in Paragraph 46 of the Complaint.

47.     JCPenney denies the allegations in Paragraph 47 of the Complaint.

48.     JCPenney denies the allegations in Paragraph 48 of the Complaint.

49.     JCPenney denies the allegations in Paragraph 49 of the Complaint.

50.     JCPenney denies the allegations in Paragraph 50 of the Complaint.

### [PLAINTIFF'S] JURY DEMAND

JCPenney is not required to provide a response to Plaintiff's demand for a jury trial

### [PLAINTIFF'S] PRAYER FOR RELIEF

JCPenney denies that Plaintiff is entitled to any relief from JCPenney and denies all of

the allegations contained in Paragraphs (a)-(h) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

JCPenney's Affirmative Defenses are listed below. JCPenney reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

JCPenney has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that JCPenney's actions allegedly infringe the Asserted Patents, JCPenney is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that JCPenney indirectly infringes, either by contributory infringement or inducement of infringement, JCPenney is not liable to Plaintiff for the acts alleged to have been performed before JCPenney knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and increased damages under 35 U.S.C. §§ 284 or 285.

## SEVENTH AFFIRMATIVE DEFENSE

Should Defendant be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## JCPENNEY'S COUNTERCLAIMS

For its counterclaims against Plaintiff Nearby Systems LLC ("Nearby Systems"), Counterclaim Plaintiff Penney OpCo LLC d/b/a JCPenney f/k/a JCPenney Corporation, Inc. ("JCPenney") alleges as follows:

1.      Counterclaim Plaintiff JCPenney is a corporation organized and existing under the laws of the Commonwealth of Virginia, with a place of business located at 6501 Legacy Drive, Plano, Texas 75024.

2.      Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Nearby Systems is a limited liability company organized and existing under the laws of the State of Texas and maintains its registered office address in Austin, Texas.

## JURISDICTION

3.      JCPenney incorporates by reference Paragraphs 1–2 above.

8

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Nearby Systems has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Nearby Systems's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING
## NON-INFRINGEMENT AS TO THE ASSERTED PATENTS

7.      JCPenney incorporates by reference Paragraphs 1–6 above.

8.      Based on Nearby Systems's filing of this action and at least JCPenney's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether JCPenney infringes U.S. Patent Nos. 9,532,164 (the "'164 Patent") and 10,469,980 (the "'980 Patent) (collectively the "Asserted Patents").

9.      JCPenney does not infringe at least Claim 1 of the '164 Patent because, among other things, no system or method employed or process practiced by JCPenney includes a "mapping component" that "transmits the map-able content to an online mapping service."

10.      JCPenney does not infringe at least Claim 1 of the '980 Patent because, among other things, no system or method employed or process practice by JCPenney includes "a mapping component of the first non-browser application configured to communicate with an online mapping service to download map data and display a map within the user interface of the first non-browser application."

9

11.     JCPenney does not infringe at least Claim 1 of the '980 Patent because, among other things, no system or method employed or process practice by JCPenney includes a "mapping component" that "invokes the mapping application and directs the mapping application to transmit a query including the location of the mobile device and a destination location to the online mapping service to obtain driving directions from the location of the mobile device to the destination location."

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., JCPenney requests a declaration by the Court that JCPenney has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT II**
**DECLARATION REGARDING**
**INVALIDITY AS TO THE ASSERTED PATENTS**

13.     JCPenney incorporates by reference Paragraphs 1–12 above.

14.     Based on Nearby Systems's filing of this action and at least JCPenney's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

15.     The '980 Patent issued on Application No. 15/346,599, which is a continuation of Application No. 13/987,520 (issued as the '164 Patent) filed Aug. 3, 2013, which is a continuation-in-part of Application No. 11/974,258 (the "'258 Application") filed Oct. 12, 2007.

16.     The Asserted Patents name Gabriel Jakobson and Steven L. Rueben as inventors. Steven L. Rueben was not a named inventor on the '258 Application.

17.     Figs. 1A, 1B, 1C, and 2 of the Asserted Patents did not appear in the '258 Application.

18.     Lines 2:33-4:7 in the '164 Patent did not appear in the '258 Application.

19.     Lines 2:37-4:12 in the '164 Patent did not appear in the '258 Application.

20.     The specifications for the Asserted Patents contain new matter as compared to the specification for the '258 Application.

21.     The asserted claims of the Patents-in-Suit are anticipated and rendered obvious by, inter alia, U.S. Pat. No. 10,678,819 (the "'819 Patent").

22.     The '819 Patent discloses "Techniques for use in a wireless communication device for displaying a map are described. The device receives via a user interface a selection of a hypertext link object in an electronic file or message. The object is associated with a URL string which includes a server address and location data corresponding to a location. When a mapping application is installed in the device, the device executes the mapping application for rendering a map of the location in response to receiving the selection of the object. When the mapping application is not installed in the device, the device executes a web browser of the device for receiving and displaying a map image of the location in response to receiving the selection of the object." '819 Pat., Abstract.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., JCPenney requests a declaration by the Court that claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, JCPenney asks this Court to enter judgment in JCPenney's favor and against Nearby Systems by granting the following relief:

a)      a declaration that the Asserted Patents are invalid;

b)      a declaration that JCPenney does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c)      a declaration that Nearby Systems take nothing by its Complaint;

d)      judgment against Nearby Systems and in favor of JCPenney;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to JCPenney of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

JCPenney hereby demands trial by jury on all issues.

Dated: September 19, 2023

Respectfully submitted,

*/s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
Ricardo J. Bonilla
Texas Bar No. 24082704
Michael Vincent
Texas Bar No. 24105738
Alexander H. Martin
Texas Bar No. 24091828
mcnabnay@fr.com
rbonilla@fr.com
vincent@fr.com
martin@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 19001
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
PENNEY OPCO LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been electronically filed using the CM/ECF

filing system on September 19, 2023, which automatically sends email notifications to all counsel

of record and which will permit viewing and downloading of same from the CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay

13